**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4660**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID BALDONADO, a/k/a Kicking Back,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Jerome B. Friedman, District Judge. (CR-04-6)

———————

Submitted:  August 19, 2005          Decided:  August 31, 2005

———————

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Mark T. Del Duca, STALLINGS & BISCHOFF, P.C., Virginia Beach, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Eric M. Hurt, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, David Baldonado was convicted on one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 & 846 (2000), and one count of conspiracy to launder money, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2005). The district court sentenced Baldonado under the U.S. Sentencing Guidelines Manual (2003) to life in prison. Baldonado timely appealed.

Citing Blakely v. Washington, 542 U.S. 296 (2004), Baldonado argues that his sentence violates the Sixth Amendment because it was based on facts that were not found by the jury beyond a reasonable doubt. Because Baldonado preserved his objection by asserting it in the district court, we review de novo and "must reverse unless we find this constitutional error harmless beyond a reasonable doubt with the Government bearing the burden of proving harmlessness." United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal Sentencing Guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment. Id. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them

mandatory.  <u>Id.</u> at 746 (Stevens, J., opinion of the Court); <u>id.</u> at 756-57 (Breyer, J., opinion of the Court).

Baldonado argues that the district court erred by attributing to him for sentencing purposes the equivalent of 94,100.96 kilograms of marijuana.  In the absence of evidence of jury findings on specific drug quantities, we find that the government cannot demonstrate that any error in calculating Baldonado's sentence based on 94,100.96 kilograms of marijuana was harmless.[1]

Accordingly, we affirm Baldonado's convictions, but vacate his sentence and remand for proceedings consistent with <u>Booker</u>.[2]  Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).  The court should consider this

---

[1]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "'[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Baldonado's sentencing.

[2]Because Baldonado's sentence must be vacated on this ground, we need not address the remainder of Baldonado's challenges to his sentence.

sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  <u>Hughes</u>, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>